UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RONALD FOLMSBEE,

                Plaintiff,

-against-

METRO-NORTH COMMUTER RAILROAD
COMPANY,

                Defendant.
------------------------------------------------------------X

**MEMORANDUM DECISION
AND ORDER**

09 Civ. 6096 (GAY)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: _____

      Ronald Folmsbee, a retired employee of defendant Metro-North Commuter Railroad Company, commenced this action pursuant to the Federal Employer Liability Act (FELA).[1] Plaintiff alleged that defendant negligently exposed him to excessive levels of noise during his twenty-nine years working for the railroad, causing occupational hearing loss.

      Plaintiff's claim was tried before a jury beginning April 4, 2011. On April 6, 2011, the jury returned a verdict for plaintiff, finding defendant 73% liable for plaintiff's injuries, and plaintiff 27% liable. The jury awarded plaintiff damages of $18,000 for past pain and suffering and $145,000 for future pain and suffering. On April 13, 2011 judgment was entered in favor of plaintiff in the amount of $118,000 – the net damage award after reduction for contributory negligence.

      Presently before this Court is defendant's post-trial motion to set aside the jury's verdict and enter judgment in favor of the defendant, pursuant to Rule 50(b) of the Federal Rules of Civil Procedure ("FRCP"), or in the alternative, for a new trial pursuant

---

[1] This action is before me for all purposes on the consent of the parties, pursuant to 28 U.S.C. §636(c).

to FRCP 59(a)(1)(A).  For the reasons that follow, defendant's motion is denied.

## I. STANDARD OF REVIEW

"Judgment as a matter of law may not properly be granted under Rule 50 unless the evidence, viewed in the light most favorable to the opposing party, is insufficient to permit a reasonable juror to find in her favor." Galdieri-Ambrosini v. National Realty & Dev. Corp., 136 F.3d 276, 289 (2d Cir. 1998).  In making this determination, the court must defer "to all credibility determinations made by the jury and to all reasonable inferences from the evidence that the jury might have drawn in favor of the nonmoving party." Vasbinder v. Ambach, 926 F.2d 1333, 1339 (2d Cir. 1991).  Judgment as a matter of law should not be granted unless "(1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded [persons] could not arrive at a verdict against [it]." Cruz v. Local Union No. 3 of the Int'l Brotherhood of Elec. Workers, 34 F.3d 1148, 1154 (2d Cir. 1994).  In sum, "a court should render judgment as a matter of law when a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 149 (2000) (internal quotation and citation omitted).

A court may grant a new trial pursuant to FRCP 59(a) "in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted."  Generally, a new trial may be warranted if "the verdict is against the weight of

2

the evidence, damages are excessive, the verdict is inconsistent, substantial errors were made in admitting or excluding evidence, or in charging the jury, or because a material issue was improperly submitted or withdrawn from a jury." Dewitt v. New York State Hous. Fin. Agency, No. 97 Civ. 4651, 1999 WL 672560, at *1 (Aug. 26, 1999) (internal quotation and citation omitted). Rule 59's threshold for granting a new trial is lower than Rule 50's threshold for granting judgment as a matter of law because the trial judge "is free to weigh the evidence himself and need not view it in the light most favorable to the verdict winner." United States v. Landau, 155 F.3d 93, 104 (2d Cir. 1998) (internal quotation and citation omitted). Thus, "a motion for a new trial may be granted even if there is substantial evidence to support the jury's verdict." Caruolo v. John Crane, Inc., 226 F.3d 46, 54 (2d Cir. 2000). However, "a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." Hugo Boss Fashions, Inc. v. Federal Ins. Co., 252 F.3d 608, 623 (2d Cir. 2001).

## II. DISCUSSION

Defendant asserts that it is entitled to post-verdict relief on the following grounds: (1) that plaintiff's claim was barred by the statute of limitations as a matter of law; (2) that if the Court does not decide as a matter of law that plaintiff's claim is barred by the statute of limitations, then the issue turns on a factual matter the jury should have determined; to wit, when was plaintiff both injured and aware of his injury's cause; and (3) that plaintiff failed to establish negligence.

3

A. <u>Statute of Limitations</u>

The FELA provides that "[n]o action shall be maintained . . . unless commenced within three years from the day the cause of action accrued." 45 U.S.C. § 56. The issue in this case is when did plaintiff's cause of action accrue. Regarding injuries "which occur gradually, over long periods of time, due to ongoing exposure to harmful working conditions – the Supreme Court has adopted a 'discovery rule' and held that the FELA statute of limitations accrues when the injury 'manifest[s]' itself, taking into account whether the plaintiff 'should have known' of his injury." <u>Mix v. Delaware and Hudson Railway Co.</u>, 345 F.3d 82, 86, (2d Cir. 2003), *citing* <u>Urie v. Thompson</u>, 337 U.S. 163, 170 (1949). Thus, a plaintiff's FELA action accrues when he, "in the exercise of reasonable diligence knows both the existence and the cause of his injury." <u>Mix</u>, 345 F.3d at 86.

Defendant argues that the statute of limitations began to run on plaintiff's claim in 1990, when he complained of difficulty in hearing on a medical examination form provided by the defendant. Plaintiff testified at trial that he believed his hearing difficulty in 1990 to be work-related. This, defendant argues, is sufficient evidence that the claim accrued in 1990, as plaintiff was both aware of his injury and its cause.

However, "a plaintiff may maintain a claim for 'accumulation' if he proffers evidence suggesting that his initial symptoms were temporary in nature, and based on their accumulation, became permanent injuries only in the three-year period preceding his suit." <u>Id</u>. at 90-91. Although plaintiff complained of hearing difficulty at the 1990 exam, his hearing was found – by defendant Metro-North– to be "adequate" in both ears. Def. Ex. B-3. Similarly, defendant's Clinic Visit Progress Notes Report in

4

plaintiff's medical records characterize the 1990 audiogram results as "normal." Def. Ex. B. Plaintiff testified at trial that following his having checked the "difficulty in hearing" box on his medical form in 1990, "they gave me a hearing test and they said I passed." Trial Tr. 83, l. 21, April 4, 2011.[2] Additionally, plaintiff testified that he had been working in a noisy tunnel leading into Grand Central from 1985 to 1989, T. 25, l. 2, and believed whatever hearing problem he may have been experiencing in 1990 was attributable to that work environment. T. 84, l. 1-6. Plaintiff never complained of hearing loss again, marking "No" in the "Difficulty in Hearing" box at the five subsequent medical exams given to plaintiff by defendant.

Defendant also argues that plaintiff had a duty to further investigate any potential hearing loss, presumably by seeking outside medical testing prior to his retirement. The fact remains, however, that defendant informed plaintiff in 1990 that he had "passed" his hearing test. In addition, plaintiff was never informed of the actual results of any his hearing tests – even when they began to show injury to his hearing.[3] It would be patently unfair to hold that plaintiff had a duty to further investigate after he reasonably relied on defendant's assurances of normal or adequate hearing at successive exams.

Finally, plaintiff testified repeatedly that he did not become aware of his permanent hearing loss until after he retired in 2007. See, e.g., T. 47, l. 13-18; T. 94, l. 11-18. In sum, the record shows that plaintiff's self-reported hearing difficulty at the

---

[2] Citation to the trial transcript will hereinafter read: T. ___, l. ___.

[3] Although hearing tests subsequent to the 1990 exam did find hearing loss beginning in 1996, see Def. Ex. B, B-6, the test results were never communicated to plaintiff. T. 47, l. 10-12.

5

1990 exam was temporary in nature. He made no further complaints of hearing problems after 1990 and was not aware of any hearing problems after that year. The evidence at trial suggests that the 1990 symptoms of hearing loss were temporary and based upon their accumulation became permanent during plaintiff's employment at Metro-North. Plaintiff's cause of action, therefore, did not accrue until 2007, after he retired and became aware of his permanent injury.

B. <u>Negligence</u>

"[A] relaxed standard of negligence applies in FELA cases in this Circuit," such that "an employer is liable for injuries caused 'in whole or in part' by the employer's negligence." <u>Williams v. Long Island R.R. Co.</u>, 196 F.3d 402, 406 (2d Cir. 1999). "Accordingly, . . . an employer breaches its duty under FELA if it knew or should have known of a potential hazard in the workplace, and yet failed to exercise reasonable care to inform and protect its employees." <u>Id</u>. (internal quotations and citations omitted). Under this standard, the plaintiff need only show that "employer negligence played any part, even the slightest, in producing the injury." <u>Ulfik v. Metro-North Commuter R.R.</u>, 77 F.3d 54, 58 (2d Cir. 1996) (internal quotations and citations omitted).

Defendant argues that plaintiff did not prove negligence as a matter of law because he did not submit evidentiary or scientific proof that his hearing loss was caused by Metro-North. Defendant seeks to distinguish the Second Circuit's decision in <u>Tufariello v. Long Island R.R. Co.</u>, 458 F.3d 80 (2d Cir. 2006). In <u>Tufariello</u>, the plaintiff brought a personal injury action against a railroad under FELA, alleging hearing loss sustained as a result of exposure to locomotive horns. The Second Circuit there held

6

that "there is a generally understood causal connection between physical phenomena – in this case, very loud sounds, which we refer to colloquially as 'deafening' – and the alleged injury that 'would be obvious to laymen." Id. at 88. The Court then reasoned that such a claim "may be decided by the factfinder even in the absence of expert testimony." Id.

Defendant maintains that in this case, where the plaintiff claimed exposure to noise from a variety of sources, locations and job tasks, the jury was left to speculate as to the effect of exposure to different sounds in different locations. There was ample evidence, however, that plaintiff was subjected to, and harmed by, very loud noises on a regular basis. For example, plaintiff testified to his having worked on the tracks as a flagman at construction sites for most of his 29-year career. This required him to stand next to the tracks, at track level, as trains went by. Plaintiff estimated that he heard a train horn being blown for around 15 seconds as trains passed close by, at least 200 times per day during portions of his seven years at Stamford Station. T. 33-35. This noise caused him to experience a temporary tingling sensation. "If you [were] right next to the train and he blew the horn in your ear and that went on 200 times a day, five and six days a week, quite a few hours [were spent with tingling]." T. 43, l. 9-25. Similarly, plaintiff testified that he worked within ten feet of a very loud, tunnel-digging, rock-cutting, giant saw for a large period of time over the course of five years. T. 26, l. 14-23. Plaintiff also testified that after working with very loud diesel engines in a tunnel for five years, his next work location was ten to twelve feet from a large, hydraulic drilling machine for two to three months, T. 31-32, where he communicated with others via airhorns due to the inability to hear each other any other way, Id., and was often two to

7

three feet from jackhammers on ten or twelve hour shifts, T. 38, l. 7-11.

Said testimony demonstrates that plaintiff's circumstances fall squarely within the holding of Tufariello. A layperson would be aware that repeated exposure to these very loud sounds could cause plaintiff's injury. This same reasoning also defeats defendant's claim that it could not have foreseen the potential of harm to the plaintiff.

For the foregoing reasons, defendant's motion to set aside the jury's finding of negligence is denied.

## III. CONCLUSION

For all of the foregoing reasons, defendant's motion for post-verdict relief is **DENIED**.

The Court respectfully requests that the Clerk of the Court terminate the pending motion (Docket # 34).

Dated: August 10, 2011
White Plains, New York

SO ORDERED:

_____
GEORGE A. YANTHIS, U.S.M.J.